```
UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :
                                 :   SEALED SUPERSEDING
         - v. -                  :   INDICTMENT
                                 :
GLEN CARWELL,                    :   S3 20 Cr. 293 (LJL)
     a/k/a "Tink," a/k/a         :
     "Tinky,"                    :
SHAWNDALE LEWIS,                 :
     a/k/a "Nore,"               :
COREY BATCHELOR,                 :
     a/k/a "Corey Balla," and    :
JORDAN TOWNSEND,                 :
                                 :
         Defendants.             :
                                 :
- - - - - - - - - - - - - - - - X
```

**COUNT ONE**

**(Racketeering Conspiracy)**

The Grand Jury charges:

<u>The Enterprise</u>

1. At all times relevant to this Indictment, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, and others known and unknown, were members and associates of the Mac Ballers ("the Enterprise"), a criminal organization whose members and associates engaged in, among other activities, acts involving murder, robbery, assault, narcotics trafficking, witness tampering and retaliation, wire fraud, bank fraud, and identity theft. The Mac Ballers operated

primarily in the northeast United States, including, among other locations, in and around the Bronx, New York and in the jails and prisons of New York City and the State of New York.

2. The Mac Ballers, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce. GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, were members of the Enterprise who participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

### Purposes of the Enterprise

3. The purposes of the Enterprise included the following:

a. Enriching the members and associates of the Enterprise through, among other things, robberies, bank fraud, wire fraud, identity theft, and the distribution of controlled substances including heroin, cocaine, cocaine base, and marijuana.

2

b.  Preserving and protecting the power, territory, and profits of the Enterprise through acts involving murder, assaults, robberies, and other acts of violence and threats of violence.

c.  Promoting and enhancing the Enterprise and the activities of its members and associates.

Means and Methods of the Enterprise

4.  Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.  Members and associates of the Enterprise committed and conspired, attempted, and threatened to commit acts of violence, including acts involving murder and assault, to protect and expand the Enterprise's criminal operations, and in connection with rivalries with other street gangs and individuals adverse to the Enterprise.

b.  Members and associates of the Enterprise used threats of violence and physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

c.  Members and associates of the Enterprise used threats of violence and physical violence against cooperating witnesses and suspected cooperating witnesses, and offered money

3

to witnesses, to avoid arrest and prosecution for their other crimes.

    d. Members and associates of the Enterprise participated in acts involving robbery.

    e. Members and associates of the Enterprise distributed controlled substances, including heroin, cocaine, cocaine base, and marijuana.

    f. Members and associates of the Enterprise obtained, possessed, and used firearms.

    g. Members and associates of the Enterprise participated in bank fraud and wire fraud schemes.

    h. Members and associates of the Enterprise engaged in criminal acts to fund the Enterprise and enrich its members, including robbery, distribution of controlled substances, wire fraud, bank fraud, and identity theft.

    i. Members and associates of the Enterprise publicly promoted and celebrated the criminal conduct of the Enterprise, namely narcotics distribution, acts involving violence, and firearms usage, including on social media and in music videos.

## The Racketeering Conspiracy

5. From at least in or about late 2014, up to and including at least in or about 2022, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a

4

"Corey Balla," and JORDAN TOWNSEND, the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs One through Four above, namely, the Mac Ballers, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

    a. Multiple acts involving murder chargeable under the following provisions of state law: New York Penal Law Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

    b. Multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05 and 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

    c. Multiple acts indictable under Title 18, United States Code, Sections 1951 and 2 (relating to interference with

5

commerce, robbery, or extortion);

    d.   Multiple offenses involving the trafficking of controlled substances, including heroin, cocaine, cocaine base, and marijuana, chargeable under Title 21, United States Code, Sections 812, 841(a)(1), and 846, and Title 18, United States Code, Section 2; and

    e.   Multiple acts indictable under Title 18, United States Code, Sections 1343 (relating to wire fraud), 1344 (relating to bank fraud), 1028 (relating to fraud and related activity in connection with identification documents), and 2.

6.   It was a part of the conspiracy that GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO

### (Violent Crime in Aid of Racketeering – Conspiracy to Commit Murder)

The Grand Jury further charges:

7.   At all times relevant to this Indictment, the Mac Ballers, as described in Paragraphs One through Four of Count One of this Indictment, which are repeated and incorporated by

6

reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. The Mac Ballers constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Mac Ballers.

8. At all relevant times to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; acts indictable under Title 18, United States Code, Sections 1951 and 2 (interference with commerce, robbery or extortion); acts involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; and acts indictable under Title 18, United States Code, Sections 1343, 1344, 1028, and 2 (bank and wire fraud and identity theft).

9. From at least in or about 2017, up to and including in or about 2022, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and

7

JORDAN TOWNSEND, the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, unlawfully and knowingly conspired to murder an individual, to wit, the defendants agreed to kill Victim-1, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

## COUNT THREE

**(Violent Crime in Aid of Racketeering –
Attempted Murder and Assault with a Dangerous Weapon)**

The Grand Jury further charges:

10. At all times relevant to this Indictment, the Mac Ballers, as described in Paragraphs One through Six of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. The Mac Ballers constituted an ongoing organization whose members functioned as a continuing unit for a

8

common purpose of achieving the objectives of the Mac Ballers.

11. At all relevant times to this Indictment, the Mac Ballers, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving murder, in violation of New York Penal Law; acts involving robbery, in violation of New York Penal Law; acts indictable under Title 18, United States Code, Sections 1951 and 2 (interference with commerce, robbery or extortion); acts involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846; and acts indictable under Title 18, United States Code, Sections 1343, 1344, 1028, and 2 (bank and wire fraud and identity theft).

12. On or about October 19, 2021, in the Southern District of New York and elsewhere, SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Mac Ballers, and for the purpose of gaining entrance to and maintaining and increasing position in the Mac Ballers, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon and attempted to murder an individual, to wit, Victim-1, and aided and abetted the same, in

9

violation of New York Penal Law, Sections 120.05(2), 125.25, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FOUR

### (Firearms Offense)

The Grand Jury further charges:

13. On or about October 19, 2021, in the Southern District of New York and elsewhere, SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely the violent crime in aid of racketeering charged in Count Three of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, which was brandished and discharged, and did aid and abet the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT FIVE

### (Narcotics Conspiracy)

14. From at least in or about late 2014, up to and including in or about 2022, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," and SHAWNDALE LEWIS, a/k/a "Nore," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire,

confederate, and agree together and with each other to violate the narcotics laws of the United States.

15. It was a part and an object of the conspiracy that GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," and SHAWNDALE LEWIS, a/k/a "Nore," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances for remuneration, in violation of Title 21, United States Code, Section 841(a)(1).

16. The controlled substances that GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," and SHAWNDALE LEWIS, a/k/a "Nore," the defendants, conspired to distribute and possess with intent to distribute were mixtures and substances containing detectable amounts of heroin, cocaine, cocaine base, and marijuana, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT SIX

### (Firearms Offense)

The Grand Jury further charges:

17. From at least in or about late 2014, up to and including at least in or about 2022, on occasions other than the robbery charged in Count Seven of this Indictment, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," and SHAWNDALE LEWIS, a/k/a "Nore," the

11

defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count Five of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2.)

## COUNT SEVEN

### (Hobbs Act Robbery)

18. On or about March 1, 2020, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," the defendant, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951 (b) (3), to wit, CARWELL and others carried out an armed robbery to take marijuana from a convenience store located on Rosewood Street in the Bronx, New York, and aided and abetted the same.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT EIGHT**

**(Conspiracy to Commit Hobbs Act Robbery)**

19.     From in or about February 2020, up to and including on or about March 1, 2020, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, CARWELL and others, known and unknown, agreed to commit a robbery to take marijuana from a convenience store located on Rosewood Street in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

**COUNT NINE**

**(Firearms Offense)**

20.     On or about March 1, 2020, in the Southern District of New York and elsewhere, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Seven of this Indictment, and a drug trafficking crime for which he may

13

be prosecuted in a court of the United States, namely, possessing with intent to distribute the controlled substances obtained as a result of the robbery charged in Count Seven of this Indictment in violation of Title 21, United States Code, Section 841, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## FORFEITURE ALLEGATIONS

21. As a result of committing the offense alleged in Count One of this Information, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," SHAWNDALE LEWIS, a/k/a "Nore," COREY BATCHELOR, a/k/a "Corey Balla," and JORDAN TOWNSEND, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any

and all property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One.

22.   As a result of committing the offense alleged in Count Five of this Indictment, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," and SHAWNDALE LEWIS, a/k/a "Nore," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

23.   As a result of committing the offenses alleged in Counts Seven and Eight of this Indictment, GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky," the defendant, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

15

Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461 to seek forfeiture of any other property of the defendants

up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 1963;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____  _____
Foreperson                          DAMIAN WILLIAMS
10/19/22                            United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GLEN CARWELL, a/k/a "Tink," a/k/a "Tinky,"
SHAWNDALE LEWIS, a/k/a "Nore,"
COREY BATCHELOR, a/k/a "Corey Balla," and
JORDAN TOWNSEND,

Defendants.

**SEALED SUPERSEDING INDICTMENT**

S3 20 Cr. 293 (LJL)

(18 U.S.C. §§ 1951, 1959, 1962, 924(c), and 2;
21 U.S.C. § 846.)

DAMIAN WILLIAMS
United States Attorney

_____
Foreperson
10/19/22

*SEALED SUPERSEDING INDICTMENT FILED 10/19/2022*
*3 ARREST WARRANTS*
*USMJ SARAH NETBURN*